BENJAMIN B. WAGNER
United States Attorney
OLUSERE OLOWOYEYE
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>         v.<br><br>JEREMY MEEKS,<br><br>                  Defendant. | Case No. 2:14-cr-0182 TLN<br><br>STIPULATION AND [PROPOSED] ORDER REGULATING DISCOVERY<br><br>FED. R. CRIM. P. 16(d)(1) |

Pursuant to Fed. R. Crim. P. 16(d), the undersigned parties in United States v. Jeremy Meeks, Case No. 2:14-cr-0182 TLN, stipulate and agree, and respectfully request that the Court order that:

1. The United States shall turn over additional material in this case to counsel for defendant Jeremy Meeks ("DEFENDANT"), containing "J-designated" bates numbers, and any subsequent material discovered by the government to the DEFENDANT using the "J-designated" bates numbering or otherwise protected designation (referred to throughout this Stipulation as "The Protected Material"). Specifically, one disc designated J-0032. Disclosure of The Protected Material to DEFENDANT may be required pursuant to the government's discovery obligations and, even if not required, will facilitate DEFENDANT'S trial preparation.

2. The Protected Material is now and will forever remain the property of the United States. The Protected Material is entrusted to counsel for the DEFENDANT only for purposes of representation of DEFENDANT during trial in this case.

3. The purpose of this Order is to establish the procedures that must be followed by defense counsel of record, any designated employees, and all other individuals who receive access to this information or these documents in connection with this case.

4. Counsel for DEFENDANT shall not give the Protected Material to any person other than counsel's staff assisting in preparation of the present trial. The term "staff" shall explicitly include attorneys, paralegals, and investigators assisting counsel for DEFENDANT in the present trial and exclude any other defendant in this case, or any other pending case against DEFENDANT, any other counsel hired, retained, or otherwise working on behalf of DEFENDANT, or any other person other than those specifically described in this paragraph.

5. Any person receiving access to the Protected Material from counsel for DEFENDANT shall be bound by the same obligations as defense counsel and, further, may not give the Protected Material to anyone. No members of DEFENDANT's family, friends of the DEFENDANT, associates of DEFENDANT, or other such associates of DEFENDANT shall be given access to the Protective Material or its contents in any manner.

6. Counsel for DEFENDANT shall not make any copies, duplicates, or any recordings of the Protected Material. Counsel for DEFENDANT may, however, take written or typed notes summarizing the Protected Material and, if necessary to the litigation of the instant matter, may have the Protected Material transcribed.

7. Counsel for DEFENDANT shall maintain a list of persons to whom any portions or copies of the Protected Material are being or have been given. Such persons shall be provided with a copy of this Stipulation and Order and shall sign their full names to a copy of the Stipulation and agree to be bound by the Order and note that they understand its terms and agree to them by signing.

8. Counsel for DEFENDANT may use any and all of the Protected Material in the vigorous defense of DEFENDANT in the instant case in any manner deemed essential to adequately represent the DEFENDANT (i.e., in motions that are filed under seal, if necessary; in ex-parte applications as may be needed; and in reproducing and summarizing the Protected Material for use in trial preparation summaries, exhibits and as evidence, as may be needed), consistent with the Protective Order as it shall be originally prepared and signed. In the event defense counsel needs to use the Protected Material in a

manner not authorized under the present Proposed Protective Order, counsel shall be entitled to seek to have the order amended by the District Court after having given notice to counsel for the government in a hearing before the District Court in order to meet the obligations under the Sixth Amendment to the United States Constitution.

9. Counsel for DEFENDANT is authorized to discuss with DEFENDANT the contents of the Protected Material. Counsel for DEFENDANT and any members of counsel's staff, however, are prohibited from, in any way, giving DEFENDANT: any of the Protected Material, itself; copies of the Protected Material; copies of excerpts of the Protected Material; or summaries of the Protected Material. This prohibition will not extend to DEFENDANT viewing the Protected Material in open court should any of these materials or summaries thereof be used in the litigation of this case.

10. Within thirty days of the finality of the instant case against the DEFENDANT, as determined under the Federal Rules of Criminal Procedure and case law from the United States Court of Appeals for the Ninth Circuit and the United States Supreme Court, counsel for DEFENDANT shall return any and all copies of the Protected Material and so certify to the attorney for the government.

Respectfully Submitted,

BENJAMIN B. WAGNER
United States Attorney

DATE: August 6, 2014                /s/Olusere Olowoyeye
                                    OLUSERE OLOWOYEYE
                                    Assistant U.S. Attorney

DATE: August 6, 2014                /s/Matthew Scoble by email approval
                                    MATTHEW SCOBLE
                                    Counsel for JEREMY MEEKS

**O R D E R**

Based upon the agreement of the parties and pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the Court adopts the proposed stipulation regulating certain discovery in this case. IT IS HEREBY ORDERED that each of the terms described in the stipulation of the parties shall govern the Protective Material as defined in the stipulation in this case.

**IT IS SO ORDERED**.

Dated:  August 6, 2014

Dad1.crim
Meeks0182.stipo.proto.doc

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE