UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY MEEKS,<br><br>Defendant. | No. 2:14-cr-00182-TLN<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO REDUCE TERM OF SUPERVISED RELEASE** |

Defendant Jeremy Meeks ("Meeks") moves to reduce the term of his supervised release pursuant to 18 U.S.C. § 3583(e), which permits a court to terminate, extend, or revoke a term of supervised release after considering the factors set forth in 18 U.S.C. § 3553. (ECF No. 35); 18 U.S.C. § 3583(e). Meeks was convicted of violation of 18 U.S.C. § 922(g), felon in possession of a firearm, and sentenced to a term of 27 months in prison and a term of 36 months of supervised release. (ECF No. 26 at 1–3.) Meeks has completed his term of incarceration and now moves to reduce his term of supervised release from 36 months to 24 months, so that he would be discharged on July 7, 2018. (ECF No. 35 at 1, 19.)

Meeks argues supervision negatively impacts his ability to travel for job opportunities in his new career as a fashion model. (ECF No. 35 ¶¶ 2–3.) Meeks states he must be able to respond to job offers in different international cities and move between those cities quickly, but he has been delayed at borders while border guards determine whether he is traveling with the

permission of his probation officer. (ECF No. 35 at ¶¶ 4–7.) Meeks states these delays increase costs for the client and reduce the likelihood he will be hired, and he adds his ability to earn this living is critical to provide for his family, be a parent, and reform. (ECF No. 35 at ¶¶ 8–10.)

The government does not oppose Meeks's motion, noting he has completed two-thirds of his term of supervision and has complied with its terms. (ECF No. 36 at 1–2.) The government notes the probation office's recommendation that supervision not be reduced, and explains that although the recommendation is generally afforded deference, it appears to be based on the record rather than personal contact and the government and the Court can evaluate the record. (ECF No. 36 at 2.) The government concludes that supervised release appears to be "hindering, not helping" Meeks and reasons the "minimal increase in public safely" from continuing supervision are "outweighed" by its negative effect on Meek's new career. (ECF No. 36 at 2.)

The Ninth Circuit stated that 18 U.S.C. § 3583(e) provides that a court may, after considering factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (quoting 18 U.S.C. § 3583(e)(1)). The Court explained that "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id*. (citing *United States v. Pregent,* 190 F.3d 279, 283 (4th Cir. 1999)).

This Court has considered the factors in 18 U.S.C. § 3553(a) and the filings in this matter and finds the unusual, new circumstances presented in this case justify shortening the term of supervised release in the interests of justice. Meeks has a real opportunity to forge a legitimate career—which is apparently also improving his family relationships—if he can travel unimpeded, therefore he does not require vocational assistance, and he seems to present no threat to the public. For the foregoing reasons, the Court GRANTS Defendant's Motion, (ECF No. 35).

IT IS SO ORDERED.

Dated: June 29, 2018

_____
Troy L. Nunley
United States District Judge